| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Amanda N Gajadhar** <br> First Name   Middle Name   Last Name | Social Security number or ITIN **xxx–xx–1383** <br> EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) <br> First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ <br> EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of New York** <br> Case number: **1–18–44239–nhl** | Date case filed for chapter **13   7/24/18** |

# NOTICE OF COMPLIANCE and
# INTENT TO CURE PRE–PETITION JUDGMENT FOR POSSESSION
# PURSUANT TO BANKRUPTCY CODE § 362(b)(22) and 362(l)

**NOTICE IS HEREBY GIVEN THAT** the debtor(s), Amanda N Gajadhar (hereinafter referred to as the debtor(s)), of 122 Remington Ave, Seldon, NY 11784, filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code on July 24, 2018.

At the time of filing, the debtor's voluntary petition included a certification under section 11 entitled, "Do you rent your residence?" and attached the **Initial Statement About an Eviction Judgment Against You (Form 101A)** (the "Initial Statement") listing Sequoia Partners, LLC of 122 Remington Ave, Seldon, NY 11784 (hereinafter referred to as the lessor) as the lessor/landlord of the premises in which the debtor resides under a lease or rental agreement. The debtor certified that such lessor obtained a judgment for possession with respect to the premises.

The debtor has complied with Section 362(l)(1) of the Bankruptcy Code and Administrative Order No. 644, in that the debtor has delivered to the Clerk of Court ("Clerk"), together with the petition (or within one day of the filing, if the petition is filed electronically), a certified or cashier's check or money order, **made payable to the lessor,** in the amount of $ 50.00 which the debtor certifies is the amount of rent that is to become due during the 30–day period after the filing of the petition ("Rent Check").

Under these circumstances, the debtor may not be evicted for a period of up to 30 days from the date that the debtor filed for bankruptcy, **unless** the lessor files an objection to the debtor's Initial Statement and the Court determines that the Initial Statement is not true. If the lessor files an objection to the Initial Statement, the Court will hold a hearing and will notify the debtor and the lessor of the hearing by mail. The debtor and the lessor must attend the hearing if one is scheduled.

In order for the debtor(s) to obtain a further stay of eviction beyond the 30–day period mentioned above, the debtor(s), within the first 30 days after the filing of the petition, must do the following: (1) pay directly to the lessor all money due under the judgment for possession, and (2) after making full payment, file with the Clerk, and serve on the lessor, a certification by completing the **Statement About Payment of an Eviction Judgment Against You (Form 101B),** (the "Second Statement") in which the debtor certifies that the entire monetary default that gave rise to the judgment for possession was cured under applicable non–bankruptcy law.

The lessor may object to the Second Statement and upon such objection, the Court will hold a hearing to determine if the Second Statement is not true. The Court will notify the debtor and the lessor of the hearing by mail. The debtor and the lessor must attend the hearing if one is scheduled.

**The lessor should complete the attached form and return it to the Clerk within 14 days of the date of this notice**

**informing the Clerk whether the lessor consents or declines to receive the Rent Check. If the lessor consents to receive the Rent Check, the lessor should also give the Clerk an appropriate address to which it should be sent. If the lessor declines the Rent Check, the Clerk will return the Rent Check to the debtor. If the lessor fails to respond to this notice within the 14–day deadline, the lessor shall be deemed to have consented to receive the Rent Check and the Clerk shall send the Rent Check to the lessor at the address set forth in the Initial Statement.**

**The lessor's consent to receive the Rent Check shall not preclude the lessor from objecting to the debtor's Initial Statement and/or the Second Statement.**

Dated: July 25, 2018

For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLntccom1.jsp** [Notice of Compliance rev. 02/01/17]